IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:16-cr-00026 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| HERBERT LEE CHILDS ) | United States District Judge |

**ORDER**

Pending before the court is Herbert Lee Childs's *pro se* motion seeking appointment of counsel and for a reduced sentence pursuant to Section 404(b) of the First Step Act of 2018. (Dkt. No. 55.) The United States has filed a motion to dismiss in response, in which it argues that Childs is not entitled to a reduction in his sentence. (Dkt. No. 56.) In the addendum, the United States Probation Office notes that Childs is ineligible for a reduction in sentence pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(B). (Dkt. No. 58.)

Childs seeks relief under Section 404 of the First Step Act of 2018. 115 Pub. L. 391, § 404, 132 Stat. 5194 (enacted Dec. 21, 2018); *see also* 18 U.S.C. § 3582(c)(1)(B) (authorizing courts to modify a previously imposed sentence "to the extent otherwise expressly permitted by statute"). Section 404 allows—but does not require—district courts to reduce the sentence of certain defendants sentenced prior to the effective date of the Fair Sentencing Act of 2010: August 3, 2010. If the court elects to reduce a sentence, it may resentence the defendant as if the sections of the Fair Sentencing Act were in effect at the time the defendant's offense was committed. *See* First Step Act § 404(c).

Childs pleaded guilty to count one of the May 19, 2016 indictment against him, which charged him with distribution of a measurable quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), occurring on or about December 16, 2015. He was sentenced on January 3, 2017. (Dkt. Nos. 17, 45.) Because he was sentenced before August 3, 2010, he is not

eligible for relief under Section 404.  Further, the statutory penalties applicable to his offense were not modified by section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine base offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine."  *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016).  His offense involved cocaine, not cocaine base/crack.

For the foregoing reasons, this court will not reduce the defendant's sentence and the defendant's motion for a sentence reduction pursuant to the First Step Act and appointment of counsel (Dkt. No. 55) is DENIED.  The United States' motion to dismiss Childs's motion (Dkt. No. 56) is DENIED AS MOOT.

The clerk is directed to provide a copy of this order to all counsel of record, the United States Probation Office, and the United States Marshals Service for delivery to the Bureau of Prisons.

Entered: May 1, 2019.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge