IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Criminal Action No. 7:16-cr-00026 |
| v. ) | |
| ) | |
| HERBERT LEE CHILDS, ) | By: Elizabeth K. Dillon |
| ) | United States District Judge |
| Defendant. ) | |

**MEMORANDUM OPINION**

Defendant Herbert Lee Childs (Childs) moves to vacate his sentence pursuant to 28 U.S.C. § 2255. (Dkt. Nos. 48, 48-1.) In response, the government filed a motion to dismiss Childs's petition as untimely. (Mot. Dismiss, Dkt. No. 51.) For the reasons below, the court denies Childs's motion and grants the government's motion to dismiss.

I. BACKGROUND

On May 19, 2016, a Roanoke grand jury indicted Childs for three counts of distributing a measurable quantity of cocaine (Counts I, II, and III) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and one count of unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count IV). (*See* Dkt. No. 17.) On September 16, 2016, Childs pled guilty to Count I of the indictment pursuant to a written plea agreement. (Dkt. No. 36.) Specifically, Childs acknowledged that on December 16, 2015, a confidential police informant purchased approximately 1.1 grams of a cocaine substance from Childs. (*See* Dkt. No. 37 at 1.) As part of the plea agreement, Childs agreed to be sentenced as a career offender under Section 4B1.1(b)(3) of the Federal Sentencing Guidelines with a base offense level of 32 based on Childs's two prior felony convictions. (*See* Dkt. No. 36 at 3.) The government dismissed Counts II, III, and IV in exchange for Childs's plea. (*Id.* at 2.) On January 3, 2017, the court

1

sentenced Childs to 151 months, to run consecutive with a 24-month sentence imposed for violating supervised release in Case No. 7:11-cr-00085-001.  (Dkt. No. 44.)  The court entered an Order of Judgment on January 12, 2017.  (*See* 1/12/17 Order, Dkt. No. 45.)  Childs did not appeal.

Childs filed this pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on April 23, 2018, alleging ineffective assistance of counsel based on defense counsel's failure "to explore a mental insanity plea" and to ask the court "for a sentence below the 151 months based on the 'mental capacity' variance."  (*See* Def.'s Mot. Vacate, Dkt. No. 48-1 at 2, 5.)  Childs subsequently filed an "Amended Petition" (Dkt. No. 50) on April 30, 2018, alleging that his lawyer failed to "bring forth any evidence that shows and proves that Petitioner . . . has the brain of a kindergardener [sic]."  (Amended Petition at 1.)  The government moved to dismiss Childs's motion as untimely.  (Mot. Dismiss, Dkt. No. 51.)  Childs filed a "Reply Brief" on May 16, 2018 (Dkt. No. 53) and an "Affidavit" on May 21, 2018 (Dkt. No. 54), alleging that his mental incapacitation qualifies him for equitable tolling of the limitations period for filing his § 2255 motion.  (*See* Reply Brief at 2; Affidavit at 1.)  All of these filings are before the court for consideration.

## II.  DISCUSSION

Under § 2255, a prisoner in federal custody may collaterally attack his sentence if (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence "is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Childs must prove the grounds for his attack by a preponderance of the evidence.  *Townes v. United States*, No. 4:12-cr-00033, 2019 WL 5580957, at *1 (W.D. Va. Oct.

29, 2019) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)). Before considering the merits of Childs's claims, the court must first address the government's argument that his motion is untimely under 28 U.S.C. § 2255(f)(1).

**A. Timeliness of Childs's § 2255 Motion**

Section 2255(f)(1) imposes a one-year period of limitation from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). A judgment of conviction becomes final when a court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). Where, as here, a defendant does not appeal his judgment from the district court, the one-year period of limitation begins when the fourteen-day time period for filing a notice of appeal under Federal Rule of Appellate Procedure 4(b)(1)(A)(i) expires. *United States v. Diallo*, 581 F. App'x 226, 227 (4th Cir. 2014). The time for Childs to file a notice of appeal expired on January 26, 2017, fourteen days after the January 12, 2017 entry of judgment. Childs filed no such notice. Accordingly, the judgment of conviction became final on January 26, 2017, and Childs had until January 26, 2018, to file his § 2255 motion. Childs dated his motion April 19, 2018, and the Clerk of Court for the Western District of Virginia received and docketed it on April 23, 2018. Childs acknowledges that his motion "was due to be filed January, 2018." (*See* Def.'s Mot. Vacate at 1.) However, Childs alleges that he is entitled to equitable tolling of the limitation period because his mental incapacity during incarceration prevented him from timely filing his motion. (*Id.* at 2.)

Equitable tolling for federal statutes is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *United States v. Sosa*, 364

F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc), *cert. denied*, 541 U.S. 905 (2004)). To be entitled to equitable tolling, Childs must demonstrate that (1) some "extraordinary circumstances (2) beyond his control or external to his own conduct (3) prevented him from filing on time." *Id.* at 512; *Robison v. Hinkle*, 610 F. Supp. 2d 533, 538 (E.D. Va. 2009). Childs "bears a strong burden to show specific facts" that satisfy all three elements. *Diamond v. Clarke*, No. 7:18-cv-00580, 2019 WL 4546918, at *2 (W.D. Va. Sept. 19, 2019) (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)).

1. **Childs's alleged mental illnesses or diminished mental capacity do not constitute an "extraordinary circumstance" for purposes of equitable tolling.**

Childs's alleged mental illnesses and diminished mental capacity do not amount to an "extraordinary circumstance" sufficient to warrant equitable tolling. Equitable tolling on the basis of mental illness or incapacitation is appropriate "only in exceptional circumstances, such as institutionalization or adjudged mental incompetence." *Sosa*, 364 F.3d at 513 (quoting *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998)). "[P]roof of an existing mental illness, or claims that a petitioner is taking psychiatric medication or is under psychiatric care will not automatically warrant equitable tolling." *Hinkle*, 610 F. Supp. 2d at 539; *United States v. Turner*, No. 2:09CR00003, 2013 WL 1796013, at *3 (W.D. Va. Apr. 29, 2013) (same). Likewise, diminished mental capacity or illiteracy do not necessarily warrant equitable tolling. *See United States v. Espinoza*, 536 F. App'x 833, 834–35 (10th Cir. 2013) (denying a request for a certificate of appealability for a defendant after the district court rejected his argument that his diminished mental capacity warranted equitable tolling of § 2255's statute of limitations); *Snyder v. Clark*, No. 7:17-cv-00548, 2019 WL 1007099, at *2 (W.D. Va. Mar. 1, 2019) (noting that unfamiliarity with the law due to illiteracy does not toll the limitations period (citing *Turner v.*

4

*Johnson*, 177 F.3d 390, 392 (5th Cir. 1999))). Rather, federal courts apply equitable tolling "only in cases of profound mental incapacity." *See Sosa*, 364 F.3d at 513 (rejecting petitioner's claim that his schizoaffective disorder and generalized anxiety disorder was a basis for equitable tolling).

Childs reportedly suffers from anxiety, nervousness, and depression. (*See* PSR ¶ 79, Dkt. No. 57.) According to his state probation file, Childs was diagnosed with being "emotionally disturbed and learning disabled" in 1992 and was referred to special educational facilities, substance abuse treatment centers, and anger management programs in the 1990s. (*Id.*) In 1996, Childs was diagnosed with "Attention-Deficit Hyperactivity Disorder (ADHD), THC dependen[ce] with severe physiological dependence, and alcohol dependence with severe physiological dependence." (*Id.*) Childs has an IQ of 78 on the Weschler Adult Intelligence Scale, (*id.* ¶ 83), "is not able to remember information in a very superior range as high as the 98th percentile," (Def.'s Mot. Vacate at 2), and "suffers from a mental aptitude . . . of a second and third grader," (Reply Brief at 1). Childs also alleges that he was "diagnosed for some sort of mental ailment" and prescribed "psychotropic medication" while previously housed at Petersburg Medium Federal Correctional Institution (Petersburg FCI). (*See* Def's Mot. Vacate at 6–7.) Childs also asserts that he began receiving Social Security disability payments after being "diagnosed with a cognizable brain disorder" following a mental impairment evaluation conducted by the Social Security Administration. (*Id.* at 9.) Childs references mental health records from Petersburg FCI and the Social Security Administration to corroborate his claims, and he included an "Education Data Sheet" dated September 25, 2012, containing his reading, language, and mathematics performance scores from Petersburg FCI. Childs also claims that he

5

takes "mental health medicine" that affects his ability to function and "is not helping his mental illness issues." (Affidavit at 3.)

Consistent with the Fourth Circuit's opinion in *Sosa*, these facts do not present a case of "profound mental incapacity" for purposes of equitable tolling. 364 F.3d at 513. In *Robison v. Hinkle*, the Eastern District of Virginia dismissed the petitioner's time-barred habeas corpus motion where the petitioner "was diagnosed as having 'post-traumatic stress syndrome [and] acute depression disorder with suicidal tendencies,'" "was seeking help for chemical substance abuse," and became "mentally incapacitated 'through prescribed medications during his entire post-conviction incarceration.'" 610 F. Supp. 2d at 537–38 (alteration in original). To substantiate his claims, the petitioner attached "numerous documents from the North Carolina Division of Mental Health, Developmental Disabilities and Substance Abuse" and "numerous documents from the Virginia Beach Correction Center," which included intake mental health screenings and a mental status exam. *Id.* at 537. The court concluded that "[t]hese materials, taken together, fall short of establishing a mental incapacity sufficient to warrant equitable tolling." *Id.* at 542; *see also Whitfield v. Clarke*, No. 3:16CV238, 2017 WL 990580, at *4 (E.D. Va. Mar. 14, 2017) (determining that petitioner's mental illness did not rise to the level of "profound mental incapacity" where petitioner was "borderline mental[ly] retard[ed] [with an] IQ of 54" and unable to process information, comprehend the law, and "understand what is being written in his behalf" (first and second alterations in original)); *Whitfield v. United States*, No. 7:16-CR-00010-BR, 2018 WL 2210441, at *3 (E.D.N.C. Apr. 12, 2018) (concluding that petitioner's bipolar disorder did not establish a "profound mental incapacity" where petitioner took multiple prescription medications and "could 'do nothing but sleep and hallucinate'" for a year); *Jean-Louis v. Greiner*, No. 02 Civ. 6326(SAS), 2003 WL 1807144, at *3 (S.D.N.Y. Apr.

6

4, 2003) (finding petitioner's allegations of mental illness insufficient to justify equitable tolling where the petitioner took "several psychotropic medications[,] was committed to a . . . psychiatric center" for several months, and was on suicide watch "on at least six occasions").

Childs has failed to distinguish his circumstances from those of the *Sosa* and *Hinkle* petitioners. For the reasons above, Childs's alleged mental illnesses and any diminished capacity fall short of establishing a case of "profound mental incapacity" or other extraordinary circumstance for purposes of equitable tolling.

> **2. Childs has not shown how his mental illnesses or diminished mental capacity prevented him from timely filing his § 2255 motion.**

Even if the court were to render Childs's claim of mental illness or diminished mental capacity an "extraordinary circumstance," Childs has failed to show that his circumstance prevented him from timely filing his § 2255 motion. Childs must "allege facts sufficient to demonstrate the existence of 'a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing.'" *Turner*, 2013 WL 1796013, at *3 (citing *Rios v. Mazzuca*, 78 F. App'x 742, 743 (2d Cir. 2003)). Childs cannot establish this causal relationship if he, "acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2003).

Childs's allegations and accompanying documentation all pre-date the period for which he seeks relief. Further, Childs never claimed that he was committed, confined, or otherwise treated for mental health issues during the limitation period. The record is devoid of any evidence beyond "bald and unsupported assertions" that Childs was suffering from a serious mental illness between January 26, 2017, and January 26, 2018, when the time to file his § 2255 motion expired. *See Collins v. Scurr*, 230 F.3d 1362, 1362 (8th Cir. 2000) (per curiam) (finding

7

petitioner's alleged mental incompetency occurred at a time too remote from his filing deadline); *Hinkle*, 610 F. Supp. 2d at 543 (observing that petitioner's habeas corpus filings "contain no information indicating that petitioner was mentally incapacitated during the relevant periods"). Accordingly, Childs has failed to allege facts showing how his pre-conviction mental illness had any bearing on this belated filing. *See Turner*, 2013 WL 1796013, at *3 (concluding petitioner failed to show a causal relationship between her mental health issues and the belated submission of her § 2255 motion when she had not alleged or documented that she was institutionalized or adjudged mentally incompetent since her guilty plea hearing); *United States v. Coates*, No. 2:09CR00008, 2014 WL 460934, at *3 (W.D. Va. Feb. 5, 2014) (finding petitioner failed to show that his mental health problem or suicide precaution prevented him from filing a timely motion where petitioner failed to "state specific time periods when he was on suicide watch or explain why his status would prevent him from filing").

Additionally, Childs requested a copy of his docket sheet from the Clerk of Court on November 2, 2017, almost three months prior to the January 26, 2018 filing deadline. (*See* Dkt. No. 47.) This fact weighs heavily against allowing equitable tolling. "[W]here a petitioner has filed other pleadings during the alleged period of incompetency, courts are often unwilling to find equitable tolling appropriate." *See Hinkle*, 610 F. Supp. 2d at 540 (citing authority). Childs alleges that he was "not mentally competent to file for his docket sheet" and instead solicited other inmates to "try and tutor . . . Childs [and] assist him in his filings." (Reply Brief at 1.) Childs's "helper" apparently lost the docket sheet and subsequently fell ill, prompting Childs to solicit another inmate for help filing his motion. (Affidavit at 1.) These facts do not explain why Childs failed to file on time despite his reasonable diligence. *See Price v. Lewis*, 119 F. App'x 725, 726 (6th Cir. 2005) (concluding that petitioner failed to show he could not pursue his legal

rights during the limitation period where he sought and obtained help completing legal paperwork).

For these reasons, Childs has failed to allege facts sufficient to establish a causal nexus between his alleged mental illnesses and the lateness of his filing.

\* \* \*

Because Childs's alleged mental condition does not amount to an "extraordinary circumstance" and because Childs failed to allege sufficient facts showing that his circumstance prevented him from timely filing his motion, Childs is not entitled to equitable tolling of the limitation period. Accordingly, Childs's § 2255 motion is untimely and will be dismissed.[1]

### B. Certificate of Appealability

When issuing a final order adverse to the § 2255 movant, the court must issue or deny a certificate of appealability. *See* Fed. R. Gov. § 2255 Proc. 11(a). A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

The court declines to issue a certificate of appealability because Childs has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the court's assessment of his claims debatable or wrong.

---

[1] Because Childs's motion is untimely, the court need not address the merits of Childs's claim of ineffective assistance of counsel.

## III. CONCLUSION

For these reasons, the court will deny Childs's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and will grant the government's motion to dismiss. The court will issue an appropriate order.

Entered: March 18, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge